FIRST STATE BANK OF CROSBY, a Corporation, Appellant, v. KNUT E. SWENSON, Carmen Lulu Swenson, his Wife, Divide County, a Municipal Corporation, C. J. Clark, C. E. Halter, A. Ingwaldson & Company, a Corporation, and Thomas Richards, Defendants, DIVIDE COUNTY, a Municipal Corporation, Respondent.

(199 N. W. 185).

**Seed lien — county's seed lien perfected by recording lien contract.**

1. The lien of the county for seed and feed furnished under the provisions of chapter 177, Laws of 1919, is perfected as against the real estate for which said seed was furnished by the recording of the lien contract in the office of register of deeds, and such lien is effective only from the date of record.

**Seed lien — county has no seed lien unless contract recorded and amount of indebtedness entered on tax list.**

2. A county has no lien on real estate for seed and feed furnished under the provisions of chapter 10, Special Session Laws of 1918, where the seed and feed contract is filed in the office of the register of deeds but is not recorded and the indebtedness incurred on account of such seed and feed so furnished is not entered on the tax lists as a lien against the real estate by the county auditor.

Opinion filed June 4, 1924.

Agriculture, 2 C. J. § 81 p. 1012 n. 78, 84 New.

Appeal from the District Court of Divide County, *Moellring*, J. Reversed.

*P. M. Clark,* for appellant.

1 Sutherland, Code Pl. says on p. 278, § 457: The answer must allege those facts which, when the cause of the complaint is admitted or proved, the defendant must prove in order to defeat recovery. And the onus is therefore on the defendant to prove this new matter, even though it involves a negative.

8 C. J. p. 911 says: Where an action is brought by an indorsee or a transferee of a bill or note, and the defendant desires to allege a defense available against one not a bona fide holder in due course, it is necessary for him to aver in some form that the plaintiff is not a bona

fide holder in due course, such as alleging want of consideration for the transfer, notice on the part of the plaintiff at the time or before the transfer.

29 Cyc. 1125, on issues and proof says: "When the allegations of the complaint relies on constructive notice, no issue as to actual notice is made." The defendant having alleged an affirmative defense, and it having relied upon the allegation of constructive notice, no issue as to actual notice was made. No evidence of actual notice should have been allowed in evidence, as it was not in issue. Again the same authority says on the same page: "Evidence of actual notice is inadmissible under a plea of constructive notice."

20 R. C. L. 257 says: "Where the defendant in an action sets us a claim of title by reason of the record of an instrument prior to the plaintiff's, this raises an issue of constructive notice and the question whether the plaintiff has actual notice thereof is not in issue."

Yet, the court in this case at the time of trial and in his memo decision holds that the question, not only is in issue, but places the burden on the plaintiff to prove and deny something not alleged in the answer.

Even though the defendant had alleged actual notice, in states having the recording act similar to ours, one having failed to take advantage of this act, has the burden of proving actual notice on the part of other subsequent purchasers. 27 Cyc. 1621; 36 L.R.A.(N.S.) 1127, also see compromise rule, p. 1129; La Crosse Boot & Shoe Co. v. Anderson, 70 N. W. 877; Phillis v. Gross, 32 S. D. 438, 143 N. W. 373.

The rule of law as to information acquired by one previous to his employment by the corporation, being carried to the corporation by his subsequent employment is well stated in the case of Red River Valley Land Inv. Co. v. Smith, 7 N. D. 245; Gregg v. Baldwin, 9 N. D. 515.

The knowledge must be present in the mind of the agent acting for the principal, so fully in his mind that it could not have been at the time forgotten by him; the knowledge or notice must be of a matter so material to the transaction as to make it the agent's duty to communicate the fact to this principal; and the agent must himself have no personal interest in the matter which would lead him to conceal his knowledge from his principal, but must be at liberty to communicate it. 10 Cyc. 1062; 14 C. J. 489; L.R.A.1918B, 929.

The board of county commissioners have the general superintendence of the fiscal affairs of the county and constitute a board of audit for all claims and demands against their counties, the amounts of which are fixed by law. State v. Heinrich, 11 N. D. 37.

There are certain implied powers with which such an organization is vested, necessary to carry out the vested powers and rights given by law. Counties may be bound by contracts oral, which the law requires to be in writing, having accepted the benefits. Eastgate v. Osago School Dist. 41 N. D. 526.

Where the transaction on its face constitutes a payment, the burden of proving the contrary is on the creditor. 30 Cyc. 1265.

But it has been held that where a father was indebted to his children and conveyed to them property, the value of which nearly equaled the debt or was in excess thereof, it would be presumed to have been in satisfaction of the debt. 30 Cyc. 1268.

A bill of sale is presumed and is prima facie evidence, but not conclusive of the passing of title. 36 N. D. 526.

Delivery of the grain covered by the bills of sale was done symbolically by the execution and delivery of the Bills of Sale. 35 Cyc. 200.

*E. J. McIlraith,* for respondents.

It is elementary that an estoppel must be specially pleaded and proved to be effective. 10 R. C. L. 842; Conklin v. Kruse, 36 L.R.A. (N.S.) 1124, and note, 82 Kan. 358.

Since the authority of public officials can only be created by law and is, therefore, a matter of public record, all persons dealing with them are bound to take notice of its existence and must ascertain that it is sufficient in an assured case. Their power and authority is special and limited, not general, and their right to act in a specific instance must be ascertained and determined by an inspection of the law interpreted strictly. 2 Abbott, Mun. Corp. p. 1562.

Official power and authority must also be exercised in the manner prescribed by law in respect to the performance or transaction of specific acts. Such provision, whether constitutional or statutory, are usually held mandatory, and in the absence of a compliance with them no authority will exist. 2 Abbott, Mun. Corp. p. 1577.

Where unauthorized transactions are entered into they are incapable

of ratification. State ex rel. Diabold Safe & Lock Co. v. Getchell, 3 N. D. 243.

All public corporations in the proper exercise of their granted powers, act at times in such a manner as to affect arbitrarily, or otherwise, the personal or property rights of private persons. To afford the latter protection by securing an accurate and certain account of what has been done, the law requires public corporations to keep a true record of all their proceedings. The necessity for this rule exists not only for the reason stated but also to enable these corporations to assert their rights in proper tribunals. A further reason for the principle also obtains in that they are corporations, artificial persons, and can only speak by the records which have been kept of their acts. The presumption of law exists that such records are accurate reports of particular proceedings and that the facts therein recited are true. 2 Abbott, Mun Corp. pp. 1444, 1445.

The best evidence of the existence or nonexistence of entries in public records is the records themselves. When, because of the voluminous character of the records to be examined, or for other sufficient reasons, oral evidence is admissible to show the absence of a record or an entry, it should ordinarily be given by the legal custodian, and then only after showing a diligent search. As a rule, the oral evidence of another than the custodian is not the best evidence or competent when the testimony of the legal keeper can be had. Sykes v. Beck, 12 N. D. 244.

Nuessle, J. This appeal is from a judgment of the district court of Divide county. The case is here for trial de novo. The action is one for the foreclosure of a real estate mortgage. None of the defendants answered excepting the county of Divide, which set up and demanded affirmative relief on account of certain seed and feed liens on the real estate involved. Judgment was entered for foreclosure of the mortgage as prayed, but the county's lien claims were adjudged to be prior and superior to the lien of the mortgage. The appeal is from the whole of the judgment, and appellant demands a trial de novo.

It appears that the mortgage, which is sought to be foreclosed, was executed on the 24th day of May, 1919, and recorded on May 29th, 1919. There is no question as to its validity nor as to the amount due

thereon.   The respondent, Divide county, claims two liens, one for seed and feed furnished under the provisions of chapter 10, Special Session Laws of 1918, and the other for seed and feed furnished under the provisions of chapter 177, Laws of 1919.   It is undisputed that seed and feed were furnished by the respondent county to the defendant Swenson, the owner of the real estate involved, in the years 1918 and 1919.   Swenson made and filed seed and feed applications and executed the contracts as required by the statutes, the county officers duly examined and approved the same, and seed and feed were furnished thereunder.   The contracts were filed as contemplated by the statutes, but were not recorded.   The county makes no claim on account of a lien by reason of entering the indebtedness upon the tax lists as provided by § 9 of the 1918 Act.   So the primary questions are as to whether, under §§ 10 and 2 of the respective acts, the contracts having been filed but not recorded, the county may sustain its lien claims on the real estate for which the seed and feed were furnished.   Other questions are raised on the record, but in view of our determination of the primary questions as above stated, they require no consideration.

Section 10 (being an amendment of § 3842, Comp. Laws 1913) of 1918 provides:

"Under the filing of the contracts provided for in § 3840, the county shall acquire a just and valid lien upon the crops of grain and feed raised each year by the person receiving seed grain and feed to the amount of the sum then due to the county upon said contract, which shall as to the crops covered thereby have priority over all other liens and incumbrances thereon, except threshers and labor liens.

"The county shall in addition have a lien, if the owner of the real estate has signed the application and note, upon all real estate described in the application upon which said grain is to be sown, which shall have priority over all encumbrances except those existing at the time this act goes into effect.   And the filing and recording of said contract shall be held and considered to be full and sufficient notice to all parties of the existence and extent of said lien upon said crops of grain and feed raised, and upon said land, which shall continue in force until the amount covered by said contract shall be fully paid."

And § 2 (a further amendment of § 3842, Comp. Laws 1913 as amended) of the 1919 Act provides:

"The county auditor shall cause certified copies of such contracts to be filed and recorded in the office of the register of deeds of said county and thereupon deliver the originals to the county treasurer. Immediately upon filing and recording certified copies of said contract, the county shall acquire a just and valid lien upon the crops of grain and feed raised each year by the person receiving seed grain and feed to the amount of the sum then due to the county upon said contract, which shall as to the crops covered thereby have priority over all other liens and incumbrances thereon, except threshers and labor liens.

"The county shall in addition have a lien from the date of record, if the owner of the real estate has signed the application and note, upon all real estate described in the application upon which said grain is to be sown, which shall have priority over all incumbrances thereafter recorded. And the filing and recording of said contract shall be held and considered to be full and sufficient notice to all parties of the existence and extent of said lien upon said crops of grain and feed raised, and upon said land, which shall continue in force until the amount covered by said contract shall be fully paid."

Section 2 of the 1919 Act, supra, plainly indicates how and when the lien contemplated by the act is to be perfected and attaches. The second paragraph of this section expressly provides that the county shall have a lien from the *date of record of the contract,* which shall have priority as against incumbrances thereafter recorded. The act contains no other provision relative to a lien upon real estate, excepting in the second paragraph of § 1 thereof (being an amendment to § 3481, Comp. Laws 1913, as amended) it is provided that "if the applicant is a renter, the owner of the land shall also sign the contract with him, except where exception is made by the order of the board of county commissioners, and where the owner signs such contract, the county shall have in addition a lien upon all the real estate of said owner upon which said seed and grain was sown." This latter provision was plainly enacted to enable the county by taking the proper steps to perfect a lien against real estate farmed by a renter. It could have no other purpose and must be considered in connection with § 2 of the Act, above referred to. That is, the lien is perfected in the same manner, i. e., by recording the contract, whether the seed and feed are furnished to the owner of the land himself, or to the tenant with the own-

er's assent thereto. In the instant case, there is no question as to the validity of the mortgage sought to be foreclosed. On the other hand, it is conceded that the seed grain contract with Swenson on which the respondent's lien claim is grounded has never been recorded. We, therefore, have no hesitancy in holding that as against this mortgage the county has no lien on account of seed and feed furnished to Swenson for the year 1919.

Whether the county has a valid lien for seed and grain furnished for the year 1918 presents a more difficult question. The respondent county contends that it has a lien under § 10 of the 1918 Act, supra. It bases this contention upon the second paragraph of the section, which provides:

"The county shall *in addition* have a lien, if the owner of the real estate has signed the application and note, upon all real estate described in the application upon which said grain is to be sown, which shall have priority over all encumbrances except those existing at the time this act goes into effect. And the filing and recording of said contract shall be held and considered to be full and sufficient notice to all parties of the existence and extent of said lien upon said crops of grain and feed raised, and upon said land, which shall continue in force until the amount covered by said contract shall be fully paid." The argument is that there can be no doubt but that under the first paragraph of § 10 upon the filing of the contract, the county had a lien upon the crops grown from the seed furnished; that nowhere in the Act is there provision that the contract shall be recorded; that the second paragraph of said § 10 by providing, "The county shall in addition have a lien" upon all the real estate, necessarily refers back to the word "filing" in the first paragraph, and that the filing and not the recording of the contract results in the lien. We think, however, that the reference back is to the whole of the first paragraph and not to the word "filing," and that the intention was to insure a lien on the real estate as well as on the crops, to be perfected as elsewhere provided. It must be noted that the succeeding sentence in the second paragraph provides that the filing and recording of the contract shall be notice of the lien. It seems to us that this second paragraph must be taken as a whole, and considered in this way it becomes evident that the statute contemplated.

that the contract must be recorded as well as filed; that the filing perfected the lien as against the crops; and that recording was to give notice that as against the real estate a lien would be perfected. Unless this provision be considered as a measure solely for the protection of those who might acquire subsequent interests in the real estate, it was altogether futile. For the self-same section provided that the lien on the real estate should be prior to all encumbrances except those existing at the time the Act went into effect. This section must be read in connection with Section 9 of the Act. Section 9 (being an amendment to § 3481, Comp. Laws 1913) provided if the indebtedness for the seed and feed furnished by the county were not paid on or before the fifteenth day of October in the year in which the same was furnished, it should then be the duty of the county auditor of said county to cause the amount of said indebtedness to be entered upon the tax lists of said county then in the hands of the county treasurer as a lien against the land owned by the applicant for which said seed and feed were furnished, and the sum so entered should be a lien upon the real estate owned by said person for which said seed and feed were furnished until said indebtedness was fully paid. In the light of § 9, it seems clear that the provision for notice by recording, as contained in § 10, was intended to protect purchasers and encumbrancers during the period from the time when the contract was made and the seed furnished until the fifteenth of October succeeding, when the county's lien against the land should be perfected by the act of the county auditor in entering the amount of the indebtedness upon the tax list. In other words, as against the real estate, no lien was perfected until the indebtedness was entered upon the tax list by the county auditor. In this case there is no contention that the indebtedness was so entered upon the tax list, and that a lien exists by virtue of that fact. The claim of lien is grounded solely upon the filing of the contract. The contract was never recorded. There is no question as to the validity of the mortgage. We must, therefore, hold upon the record that the respondent has no valid lien upon the real estate involved for seed and feed furnished to Swenson, the owner of such real estate, during the year 1918.

The judgment of the district court must, therefore, be modified and judgment entered in favor of the appellant for the foreclosure of its

mortgage as prior and superior to the lien claims of the respondent county.

BRONSON, Ch. J., and BIRDZELL, CHRISTIANSON, and JOHNSON, JJ., concur.